

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-26-00093-CV

Ivie **FENOI-LYNCH**,
Appellant

v.

**FIRST NATIONAL BANK OF OMAHA**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2024CV10702
Honorable David J. Rodriguez, Judge Presiding

PER CURIAM

Sitting:　　Rebeca C. Martinez, Chief Justice
　　　　　　Irene Rios, Justice
　　　　　　Lori I. Valenzuela, Justice

Delivered and Filed: April 15, 2026

DISMISSED FOR LACK OF JURISDICTION

On February 4, 2026, appellant Ivie Fenoi-Lynch filed a notice of appeal from an October 21, 2024 judgment signed by a justice court. The clerk's record indicates that the justice court proceedings continued in the County Court at Law No. 3 of Bexar County, Texas. However, the county court at law has signed no final judgment.

This court's jurisdiction is limited to appeals from judgments by district or county courts within our district boundaries. TEX. GOV'T CODE ANN. § 22.220(a). Appeals from justice courts

generally must be brought in the county court. TEX. CIV. PRAC. & REM. CODE ANN. § 51.001(a). Consequently, a notice of appeal from a judgment of a justice court does not invoke this court's appellate jurisdiction. *See Reese v. Scott*, No. 03-22-00647-CV, 2022 WL 17096685, at *1 (Tex. App.—Austin Nov. 22, 2022, no pet.) (mem. op.); *McCuin v. Vinyard at the Ranch*, No. 05-19-00992-CV, 2019 WL 5128136, at *1 (Tex. App.—Dallas Oct. 7, 2019, no pet.) (mem. op.). Additionally, "[c]ourts of appeals generally have appellate jurisdiction only over final judgments." *Rush Truck Centers of Tex., L.P. v. Sayre*, 718 S.W.3d 233, 237 (Tex. 2025). The clerk's record does not include a final judgment signed by the county court at law.

On March 13, 2026, we ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. We cautioned appellant that if she failed to respond by March 27, 2026, this appeal would be dismissed. *See* TEX. R. APP. P. 42.3(a). Appellant responded, but her response does not establish that we have jurisdiction. Accordingly, this court has no jurisdiction over the appeal, and we must dismiss it. *See id*.

PER CURIAM